1  Guy R. Gruppie    (SBN 155437)
       ggruppie@murchisonlaw.com
2  Eric P. Weiss       (SBN 163371)
       eweiss@murchisonlaw.com
3  Mary C. Trinh (SBN 258240)
       mtrinh@murchisonlaw.com
4  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, Ninth Floor
5  Los Angeles, California  90017-4613
   Telephone:  (213) 623-7400
6  Facsimile:   (213) 623-6336

7  David Ernst (SBN 851967)
       daveernst@dwt.com
8  Nicholas A. Kampars (SBN 063870)
       nicholaskampars@dwt.com
9  **DAVIS WRIGHT TREMAINE, LLP**
   1300 SW 5th Avenue, Suite 2400
10 Portland, Oregon 97201
   Telephone: (503) 778-5364
11 Facsimile: (503) 778-5299

12 Attorneys for Defendants/Third-Party
   Plaintiffs TOWNSEND FARMS, INC. and
13 COSTCO WHOLESALE CORPORATION

14              UNITED STATES DISTRICT COURT

15     CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

16

17 | JACOB PETERSEN, GAYLE | CASE NO. SA CV-13-01292 DOC |
   | PRATHER, CHRISTOPHER MASON, | (JCGx) |

18 SUZANNE FABER, JENABE
   CALDWELL, MOTOKO
19 CALDWELL, LESLIE LEE,              **THIRD–PARTY COMPLAINT OF**
   ANTHONY MCCONAGHY,                 **TOWNSEND FARMS, INC. AND**
20 THOMAS FIORE, LESLIE STRAKA,       **COSTCO WHOLESALE**
   JAY SEWARDS, FRANCES               **CORPORATION FOR:**
21 SEWARD, individually, and
   others similarly situated,         **1. Express Indemnity;**

22                                    **2. Equitable indemnity;**
              Plaintiffs,             **3. Contribution;**
23                                    **4. Declaratory Relief;**
              vs.                     **5. Negligence;**
24                                    **6. Strict Liability;**
   COSTCO WHOLESALE CO., INC. a       **7. Breach of Implied Warranties.**
25 Washington corporation doing business
   in California, TOWNSEND FARMS,
26 INC., an Oregon corporation doing
   business in California, PURELY
27 POMEGRANATE, INC., a California
   corporation, FALLON TRADING CO.,
28 INC., a Pennsylvania corporation doing

1

1   business in California, and UNITED
2   JUICE CORP., a New Jersey
    corporation doing business in
3   California, and DOES 1 through 10,
    inclusive,

4                    Defendants.

5

6   Townsend Farms, Inc. and Costco
    Wholesale Corporation,

7                    Third-Party Plaintiffs,

8
                     vs.
9

10  Purely Pomegranate, Inc., a California
    corporation; Goknur Gida Maddeleri
11  Ith. Ihr. Tic. Ve San. A.S. dba Goknur
    Foodstuffs Import Export Trading and
    Production Co. and MOES 1 through
12  100,

13                   Third-Party Defendants

14

15

16          COME NOW, Third-Party Plaintiffs TOWNSEND FARMS, INC. and

17   COSTCO WHOLESALE CORPORATION, pursuant to Rule 14 of the Federal Rules

18   of Procedure, and bring this Third-Party Complaint against PURELY

19   POMEGRANATE, INC., a California corporation, GOKNUR GIDA MADDELERI

20   ITH. IHR. TIC. VE SAN. A.S.,dba GOKNUR FOODSTUFFS IMPORT EXPORT

21   TRADING AND PRODUCTION CO., a Turkish corporation, and MOES 1 through

22   100, (collectively referred to as "Third-Party Defendants").  Third-Party Plaintiffs

23   demand a jury trial and allege as follows:

24

25                                    I.

26                      **JURISDICTION AND VENUE**

27          1.     This Court has subject matter jurisdiction over Third-Party Plaintiffs'

28   claims pursuant to 28 U.S.C. § 1332(a) and (c), the parties being citizens of different

                                       2

1  states and the amount in controversy being in excess of $75,000.00, excluding interest

2  and costs. Pursuant to Federal Rule of Civil Procedure 14(a)(3) and 28 U.S.C. §1367,

3  this Court may exercise supplemental jurisdiction over Third-Party Plaintiffs' claims

4  against Third-Party Defendants.  Third-Party Plaintiffs' claims involve and require

5  joinder of Third-Party Defendants because they are so related to the claims in the

6  action within such original and supplemental jurisdiction that they necessarily form

7  part of the same case or controversy under Article III of the United States Constitution.

8          2.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

9                                          **II.**

10                                  **THE PARTIES**

11         3.      Third-Party Plaintiff Townsend Farms, Inc. is an Oregon corporation that

12  manufactures, distributes, and sells a variety of fresh and frozen fruit products.

13  Townsend Farms distributed a product called "Townsend Farms Organic Oxidant

14  Blend" ("Product"), a frozen berry and pomegranate seed mix.  Townsend Farms, Inc.

15  carried on in the ordinary course of business the distribution of the Product.  Townsend

16  Farms, Inc. distributed and sold the Product to Costco, which then placed the Product

17  at retail stores throughout the western United States, including in the State of

18  California.

19         4.      Third-Party Plaintiff Costco Wholesale Corporation is a Washington

20  corporation that sold the Product.  Costco Wholesale Corporation distributed and sold

21  the Product at its retail store locations throughout the western United States, including

22  in the State of California.

23         5.      Third-Party Plaintiffs are informed and believe that Third-Party

24  Defendant Purely Pomegranate, Inc. is a California corporation that imports,

25  distributes, or sells premium pomegranate products, including pomegranate arils, to

26  consumers and other food manufacturing businesses, including Third-Party Plaintiff

27  Townsend Farms, Inc.  At all times relevant to this action, Third-Party Defendant

28

1    Purely Pomegranate, Inc. imported, distributed and/or sold pomegranate arils to Third-

2    Party Plaintiff Townsend Farms, Inc., which were used in the Product.

3            6.      Third-Party Plaintiffs are informed and believe that Third-Party

4    Defendant Goknur Gida Maddeleri Ith. Ihr. Tic. Ve San. A.S. dba Goknur Foodstuffs

5    Import Expert Trading and Production Co. ("Goknur") is a business entity organized

6    and existing under the laws of Turkey, with its principal place of business in Turkey,

7    that conducts business in the United States and, specifically, California.  At all times

8    relevant to this action, Third-Party Defendant Goknur  exported, distributed and/or

9    sold pomegranate arils to customers in California, including to Third-Party Defendant

10   Purely Pomegranate, Inc., which were in turn sold to Third-Party Plaintiff Townsend

11   Farms, Inc. and were used in the Product.

12           7.      Third-Party Plaintiffs are ignorant of the true names and capacities of the

13   Third-Party Defendants sued herein under the fictitious names MOES 1 to 100.  Third-

14   Party Plaintiffs are informed and believe, and thereon allege, that each fictitious Third-

15   Party Defendant was in some way responsible for, participated in, or contributed to

16   matters that Third-Party complains of, and has legal responsibility for those matters.

17   When Third-Party Plaintiffs become aware of the true names and capacities of the

18   Third-Party Defendants sued as MOES 1 to 100, Third-Party Plaintiff will amend this

19   Complaint to state their true names.  The Allegations of this Third-Party Complaint

20   may be amended or supplemented if additional investigation or facts so warrant.

21                                          **III.**

22              **FACTS COMMON TO ALL CAUSES OF ACTION**

23      **A.      Plaintiffs' Contentions**

24           8.      On or about September 4, 2014, Plaintiffs filed a class action Third

25   Amended Complaint alleging negligence, strict liability and breach of warranty claims

26   allegedly linked to the manufacture and sale of Product.   A true and correct copy of

27   the Third Amended Complaint is attached hereto as Exhibit 1.

28

9.     This class action is brought on behalf of the individuals (1) residing in one of the represented states in the class action; (2) who, allegedly at the direction of public health agencies or their doctor, received a vaccination against HAV (*i.e.* the HAV vaccine, or a prophylactic dose of immune globulin) as a result of either (a) their exposure to Hepatitis A Virus ("HAV") through the consumption of the Product, or (b) exposure to, or intimately-close proximity to persons infected with HAV as a result of consuming the Product.

10.     Third-Party Plaintiffs Townsend Farms, Inc. and Costco Wholesale Corporation deny any liability as to plaintiffs' claims specified in the underlying Third Amended Complaint based on the contentions asserted in this Third-Party Complaint, as more specifically stated herein.

**B.     Pertinent Factual Background and Leave to File Third-Party Complaint**

11.     On or about September 21, 2012, Third-Party Plaintiff Townsend Farms, Inc. issued a Purchase Order to Purely Pomegranate, Inc. entitled "PURCHASE ORDER", P.O. Number 617561-00, ("Purchase Order") for the purchase of organic pomegranate arils from Purely Pomegranate, Inc.  A true and correct copy of the Purchase Order is attached hereto as Exhibit 2.  Additional terms specified in a form entitled "Additional Terms of Purchase" applied to the Purchase Order.  A true and correct copy of the Additional Terms of Purchase is attached hereto as Exhibit 3.

12.     Pursuant to Paragraph 9 of Additional Terms of Purchase, Purely Pomegranate, Inc. provided that the goods (the pomegranate arils) covered under the order "will be merchantable and free from defects and fit for use for which they are intended and to which they are normally put for special uses know by Seller to be contemplated by Purchase" and "have been produced, manufactured or performed in compliance with the requirements of, and meets the standards of, all applicable Federal, State, and local laws, regulations and ordinances."

13.     Further, pursuant to Paragraph 10 of the Additional Terms of Purchase, Purely Pomegranate, Inc. agreed to protect, indemnify and hold harmless Townsend Farms, Inc., at its sole expense, for any failure of the goods to conform to any express or implied warranty and/or injuries to persons or damage to in respect to the goods sold by Purely Pomegranate and/or Purely Pomegranate, Inc.'s failure to comply with any Federal, State or other laws and regulations applying to the goods sold.

14.     Third-Party Defendant Purely Pomegranate, Inc. represented, guaranteed and warranted to Third-Party Plaintiff Townsend Farms, Inc. that the pomegranate arils received from Purely Pomegranate, Inc. pursuant to the Purchase Order would be merchantable and free from defects and fit for use for which they were intended and for the normal use known by Purely Pomegranate, Inc. to be contemplated by the purchase.  Additionally, Third-Party Defendant Purely Pomegranate, Inc. represented that the pomegranate arils had been produced, manufactured or performed in compliance with the requirements of, and met the standards of, all applicable Federal, State, and local laws, regulations and ordinances.

15.     Third-Party Plaintiff Townsend Farms, Inc. reasonably relied on the representations and warranties made by Third-Party Defendant Purely Pomegranate, Inc. regarding the pomegranate arils that are the subject Purchase Order in making the decision to purchase the pomegranate arils used to manufacture the Product.

16.     On or about May 28, 2013, Townsend Farms, Inc. was notified that the pomegranate arils received from Third-Party Defendants Purely Pomegranate, Inc. and Goknur, pursuant to the Purchase Order, were the likely source of the alleged Hepatitis A outbreak that forms the basis of Plaintiffs' claims in the Third Amended Complaint.

17.     On or about March 25, 2015, the Court issued an Order granting defendants, including Townsend Farms, Inc. and Costco Wholesale Corporation, leave to file third-party claims against any defendant by April 24, 2015. A true and correct copy of the Order is attached hereto as Exhibit 4.

## IV.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Express Indemnity by Third Party Plaintiff Townsend Farms, Inc. Against Third-Party Defendant Purely Pomegranate, Inc.)

18.    Third-Party Plaintiff Townsend Farms, Inc. hereby repeats, re-alleges, adopts and incorporates paragraphs 1 through 17 above as though fully set forth herein.

19.    Third-Party Plaintiff Townsend Farms, Inc. asserts a claim against Third-Party Defendant Purely Pomegranate, Inc. for express indemnification pursuant to both its underlying Purchase Order and, specifically, Paragraph 10 of the Additional Terms of Purchase.  The aforementioned Purchase Order and Additional Terms of Purchase are attached hereto as Exhibits 2 and 3, and are otherwise incorporated herein by reference.

20.    Third-Party Plaintiff Townsend Farms, Inc.  was made a party to the Second Amended Complaint, which asserts claims for damages allegedly arising from the consumption or exposure to Product, because the Product contained the pomegranate arils purchased from Third-Party Defendants Purely Pomegranate, Inc. and Goknur, as identified in the Purchase Order.

21.    Pursuant to the aforementioned Purchase Order and accompanying Additional Terms of Purchase, Third-Party Defendant Purely Pomegranate, Inc. agreed to protect, indemnify and hold harmless Third-Party Plaintiff Townsend Farms, Inc., at its sole expense, for any failure of the goods to conform to any express or implied warranty and/or injuries to persons or damage to in respect to the goods sold by Purely Pomegranate, Inc. and/or Purely Pomegranate, Inc.'s failure to comply with any Federal, State or other laws and regulations applying to the goods sold.

22.    Third-Party Plaintiff Townsend Farms, Inc. has performed all conditions precedent to be performed on its part relative to the Purchase Order.  As a result, Third-Party Defendant Purely Pomegranate, Inc. is contractually obligated to fully

1  defend, indemnify and hold harmless Third-Party Plaintiff Townsend Farms, Inc. from

2  any litigation and corresponding judgment and/or settlement that arises as a result of

3  any negligence or other wrongful act on the party of Third-Party Defendant Purely

4  Pomegranate, Inc. or any person employed by Third-Party Defendant Purely

5  Pomegranate, Inc. or of any others for whose acts the Third-Party Defendant Purely

6  Pomegranate, Inc. is legally liable.

7        23.     Third-Party Defendant Purely Pomegranate, Inc. has refused and failed to

8  indemnify, defend or hold harmless Townsend Farms, Inc. against the claims asserted

9  in the Third Amended Complaint after they were properly presented to Purely

10  Pomegranate, Inc.

11        24.     By reason of the foregoing, Third-Party Plaintiff Townsend Farms, Inc.

12  has incurred, and continues to incur, necessary and reasonable attorneys' fees and

13  other legal costs in defending against Plaintiffs' claims and prosecuting this action

14  against Third-Party Defendants Purely Pomegranate, Inc. and Goknur.   Third-Party

15  Plaintiff Townsend Farms, Inc. is entitled to recover these fees and costs from Third-

16  Party Defendant Purely Pomegranate, Inc.   Third-Party Party Townsend Farms, Inc.

17  does not know the full amount thereof at this time and will move to amend this

18  complaint to state the amount when it becomes known to it, or on proof thereof.

19                              **SECOND CAUSE OF ACTION**

20  **(Equitable Indemnity by Third-Party Plaintiffs Against Third-Party Defendants)**

21        25.     Third-Party Plaintiffs hereby repeats, re-alleges, adopts and incorporates

22  paragraphs 1 through 24 above as though fully set forth herein.

23        26.     Third-Party Plaintiffs assert a claim against Third-Party Defendants for

24  equitable and/or common law indemnification.

25        27.     Third-Party Plaintiffs are informed and believe, and thereon allege, that if

26  plaintiffs' allegations are found to be true, and Third-Party Plaintiffs are held liable for

27  plaintiffs' damages, it will be because of and as a proximate result of primary or active

28  negligence or other wrongful conduct of Third-Party Defendants herein.   Therefore,

1    any liability of Third-Party Plaintiffs will be imputed on the basis of vicarious,

2    constructive, derivative, or secondary liability, and not as a result of any active

3    negligence or other acts on the part of Third-Party Plaintiffs.  If Third-Party Plaintiffs

4    are found liable for any damages alleged by plaintiffs, then said liability will be the

5    result of the acts and omissions, whether negligent or otherwise, of each of the Third-

6    Party Defendants thereto, and that as a result thereof, Third-Party Plaintiffs will be

7    entitled to equitable indemnification to the full extent permitted by law.  Any damage

8    or injuries suffered by plaintiffs was the direct and proximate result of negligence or

9    other wrongful act on the part of each of the Third-Party Defendants.

10           28.    If upon trial in this matter, it is found that Third-Party Plaintiffs are liable,

11   which liability is not admitted but is alleged only for the purpose of pleading this cause

12   of action,  then Third-Party Plaintiffs will be exposed to liability and damages in

13   excess of any actual fault which might be attributed to each of the Third-Party

14   Plaintiffs.  As a direct and proximate result of the acts and omissions of Third-Party

15   Defendants, and each of them, as herein alleged, Third-Party Plaintiffs have been

16   damaged in an amount equal to that excess liability and damages which is properly

17   attributable to the acts and omissions of Third-Party Defendants, and each of them.

18   Third-Party Plaintiffs have been required and in the future will be required to incur

19   costs, expenses, damages, and attorneys' fees in defending against plaintiffs' claims

20   herein, in sums and amounts now unknown and not as yet fully ascertained, in an

21   amount to be proven at trial.

22                                **THIRD CAUSE OF ACTION**

23        **(Contribution by Third-Party Plaintiffs Against Third-Party Defendants)**

24           29.    Third-Party Plaintiffs hereby repeats, re-alleges, adopts and incorporates

25   paragraphs 1 through 28 above as though fully set forth herein.

26           30.    In the event the trier of fact in the underlying action determines that

27   plaintiffs suffered damages as a proximate result of any negligence of Third-Party

28   Plaintiffs, then Third-Party Plaintiffs allege that such negligence occurred through the

1  joint, concurrent, and/or successive negligence of Third-Party Defendants, and such

2  joint, concurrent and/or successive negligence was the legal cause of plaintiffs' injuries

3  and damages.  Therefore, Third-Party Plaintiffs are entitled to contribution from Third-

4  Party Defendants for a portion of the judgment in the underlying action that is

5  attributable to the percentage of comparative fault assessed or assessable against Third-

6  Party Defendants and each of them.

7  ## FOURTH CAUSE OF ACTION

8  **(Declaratory Relief by Third-Party Plaintiffs Against Third-Party Defendants)**

9       31.    Third-Party Plaintiffs hereby repeats, re-alleges, adopts and incorporates

10 paragraphs 1 through 30 above as though fully set forth herein.

11      32.    A dispute has arisen and an actual controversy now exists between Third-

12 Party Plaintiffs and Third-Party Defendants, and each of them, in that Third-Party

13 Plaintiffs claim that they are entitled to express indemnity, equitable indemnity,

14 contribution and declaratory relief with respect to the claims alleged in the Third

15 Amended Complaint or any final settlement from Third-Party Defendants.

16      33.    Third-Party Plaintiffs seek a judicial declaration of their rights and

17 obligations as to the relationship with Third Party Defendants, contractual or

18 otherwise, and a judicial declaration is necessary to resolve the disputes set forth

19 herein as no other adequate remedy at law exists to provide a prompt, speedy, and

20 timely resolution thereof.

21 ## FIFTH CAUSE OF ACTION

22 **(Negligence by Third-Party Plaintiffs Against Third-Party Defendants)**

23      34.    Third-Party Plaintiffs hereby repeats, re-alleges, adopts and incorporates

24 paragraphs 1 through 33 above as though fully set forth herein.

25      35.    Third-Party Defendants, individually and collectively, owed a duty to

26 exercise reasonable care in the import, manufacture, distribution, sale, supply,

27 provision, delivery and offering of pomegranate arils used in Product, including the

28 duty to ensure that the pomegranate arils were not contaminated.  Further, Third-Party

Defendants owed a duty to exercise reasonable care to ensure that the pomegranate arils were merchantable and free from defects and fit for the use for which they were intended and to make sure that the pomegranate arils met Third-Party Defendants' own specifications and performance standards and also to meet the standards of, all applicable Federal, State, and local laws, regulations and ordinances.

36.     Third-Party Defendants, individually and collectively[JL1], owed a duty to properly supervise, train, and monitor their employees, or the employees of their agents or subcontractors, in the preparation of the pomegranate arils so as to ensure compliance with Third-Party Defendants' own specifications and performance standards and compliance with all applicable Federal and State regulations.  Third-Party Defendants breached all of these duties and imported, manufactured, distributed, sold, supplied, provided, delivered and offered defective pomegranate arils to Third-Party Plaintiffs.

37.     As a direct and proximate result of Third-Party Defendants' negligence, Third-Party Plaintiff Townsend Farms, Inc. distributed its Product using the pomegranate arils and Third-Party Plaintiff Costco Wholesale Corporation distributed and sold the Product in its retail locations throughout the western United States, which allegedly caused injuries to plaintiffs and has caused, and will cause, Third-Party Plaintiffs to incur costs, expenses, fees, and damages, in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### (Strict Liability by Third-Party Plaintiffs Against Third-Party Defendants)

38.     Third-Party Plaintiffs hereby repeats, re-alleges, adopts and incorporates paragraphs 1 through 37 above as though fully set forth herein.

39.     Third-Party Defendants conducted business importing, manufacturing, distributing, selling, supplying, providing, delivering and offering of pomegranate arils used in the Product.

40.     The pomegranate arils were placed into the stream of commerce and specifically targeted U.S. and California consumers, including Third Party Plaintiffs, by Third-Party Defendants.

41.     Third-Party Plaintiffs are informed and believe, and thereon allege, that Third-Party Defendants intended that the pomegranate arils would reach Third-Party Plaintiffs in substantially the same condition as imported, manufactured, distributed, sold, supplied, provided, delivered and offered by Third-Party Defendants.

42.     The pomegranate arils were used by Third-Party Plaintiffs in a manner consistent with the uses intended by, or known to, Third-Party Defendants.

43.     The pomegranate arils were defective in that they failed to adhere to the standards an ordinary consumer would expect when used in the intended or reasonable manner.   Here, the pomegranate arils are intended to be safely consumed by humans.

44.     Third-Party Plaintiffs are informed and believe, and thereon allege, that the pomegranate arils provided to Third-Party Plaintiffs materially varied in their quality and/or performance.

45.     As a consequence of the above-mentioned acts and/or omissions by Third-Party Defendants, Third-Party Plaintiffs purchased the pomegranate arils and sold the Product to consumers, which, as a direct and proximate result of the pomegranate arils' dangerous and defective condition, caused injuries to plaintiffs and has caused, and will cause, Third-Party Plaintiffs to incur costs, expenses, fees, and damages, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

**(Breach of Express and Implied Warranties by Third-Party Plaintiffs Against Third-Party Defendants)**

46.     Third-Party Plaintiffs hereby repeats, re-alleges, adopts and incorporates paragraphs 1 through 45 above as though fully set forth herein.

47.     Each of the Third-Party Defendants, individually and collectively, made express and implied warranties regarding the pomegranate arils referenced in the

1   Purchase Order, which were relied upon by Third-Party Plaintiffs at the time of
2   purchase and acquisition and continuing up to and including the time of the incident
3   giving rise to the underlying action.  Third-Party Defendants breached such warranties
4   when the pomegranate arils failed to be fit for the use for which they were intended
5   and failed to be safe as expressly and impliedly warranted.
6       48.    As a direct and proximate result of the breach of express and implied
7   warranties, Third-Party Plaintiffs were induced to purchase and distribute the
8   pomegranate arils, which injured plaintiffs and have caused, and will cause, Third-
9   Party Plaintiffs to incur costs, expenses, fees and damages in an amount to be proven at
10  trial.
11
12                      **PRAYER FOR RELIEF**
13      **WHEREFORE,** Third-Party Plaintiffs prays for judicial declaration and
14  judgment against Third-Party Defendants, and each of them, as follows:
15      1.    For damages by Third-Party Defendants;
16      2.    For declaration of rights, duties and percentages of liability as to all
17  parties in this action;
18      3.    For pre- and post-judgment interest to the extent allowed by law;
19      4.    For reasonable attorneys' fees and costs pursuant to applicable statutes
20  and written contracts, including expenses for preparation, investigation and defending
21  the underlying action, and in prosecuting this Third-Party Complaint;
22      5.    For costs of suit incurred herein, and
23      6.    For such other and further relief as the Court may deem just and proper.
24
25                      **DEMAND FOR JURY TRIAL**
26      Third-Party Plaintiffs hereby demand a trial by jury as to all issues so triable as a
27  matter of right.
28

DATED: April 24, 2015

**MURCHISON & CUMMING, LLP**

By: _/s/ Eric P. Weiss_
    Guy R. Gruppie
    Eric P. Weiss
    Mary C. Trinh
    Attorneys for Defendants TOWNSEND
    FARMS, INC. and COSTCO
    WHOLESALE CORPORATION

DATED: April 24, 2015

**DAVIS WRIGHT TREMAINE, LLP**

By: _/s/ Nicholas A. Kampars_
    David Ernst
    Nicholas A. Kampars
    Attorneys for Defendants/Third-Party
    Plaintiffs TOWNSEND FARMS, INC.
    and COSTCO WHOLESALE
    CORPORATION

1

<u>**PROOF OF SERVICE**</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3
4

    At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 South Grand Avenue, Ninth Floor, Los Angeles, California 90017-4613.

5
6

    On April 24, 2015, I served true copies of the following document(s) described as **THIRD- PARTY COMPLAINT OF TOWNSEND FARMS, INC. AND COSTCO WHOLESALE CORPORATION**  on the interested parties in this action as follows:

7

**SEE ATTACHED LIST**

8
9

**BY E-MAIL OR ELECTRONIC TRANSMISSION**:  Pursuant to the E-Filing System of the United States District Court, Central District of California, to the parties at the e-mail addresses on the Court's website.

10
11

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

12
13

    Executed on April 24, 2015, at Los Angeles, California.

14
15

Roxanne Lopez

16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**
**Jacob Petersen v. Townsend Farms, Inc.**

| | |
|---|---|
| Mary Best, Esq.<br>Keeney, Waite & Stevens<br>402 West Broadway, Suite 1820<br>San Diego, CA  92101<br>Telephone: 619-977-0242 | Attorney for Plaintiff, JACOB PETERSEN |
| Richard Ramsey Waite, Esq.<br>Kenney Waite and Stevens<br>427 South Cedros Avenue, Suite 101<br>Solano Beach, CA  92075<br>Telephone: 858-523-2130<br>Facsimile: 858-523-2135 | Attorneys for Plaintiff JACBO PETERSEN |
| Frederic L. Gordon, Esq.<br>Gordon & Holmes<br>223 West Date Street<br>San Diego, CA  92101<br>Telephone: 619-696-0444<br>Facsimile: 619-696-1144 | Attorneys for Plaintiff, JACOB PETERSEN |
| William D. Marler, Esq.<br>Marler Clark, LLP, PS<br>1301 Second Avenue, Suite 2800<br>Seattle, WA  98101<br>Telephone: 206-346-1888<br>Facsimile: 206-346-1898 | Attorneys for Plaintiff, JACOB PETERSEN |
| David A. Ernst, Esq.<br>Nicholas Kampars, Esq.<br>Davis Wright Tremaine, LLP<br>1300 SW Fifth Avenue, Suite 2400<br>Portland, OR  97201<br>Telephone: 503-778-5385<br>Facsimile: 503-778-5299 | Attorneys for Defendant, TOWNSEND FARMS, INC. |
| Richard John Zuromski, Jr.<br>Troy M. Yoshino, Esq.<br>G. David Godwin, Esq.<br>Rodney L. Eshelman, Esq.<br>Robert Alfred Binion, Esq.<br>Carroll, Burdick & McDonough LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA  941014 | Attorneys for Defendant PURELY POMEGRANATE INCORPORATED |
| Larry N. Willis, Esq., Esq.<br>Willis Depasquale, LLP<br>725 West Town and Country Road<br>Suite No. 550<br>Orange, CA  92868<br>Telephone: 714-544-6000<br>Facsimile: 714-544-6202 | Attorneys for Defendant, FALLON TRADING COMPANY INCORPORATED |

1  | Goli Akhavan, Esq.                          Attorneys for Defendant UNITED
   | Erick Y. Kizirian, Esq.                      JUICE CORP.
2  | Cary L. Wood, Esq.
   | Lewis Brisbois Bisgaard and Smith LLP
3  | 221 North Figueroa Street, Suite 1200
   | Los Angeles, CA  90012
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28