William D. Marler, Admitted *Pro Hac Vice*
Denis W. Stearns, Admitted *Pro Hac Vice*
MARLER CLARK LLP., P.S.
1012 First Avenue, Fifth Floor
Seattle, WA 98104
Phone: 206-346-1888 / Fax: 206-346-1898
Email: bmarler@marlerclark.com
      dstearns@marlerclark.com

**Attorneys for the Plaintiffs and Class**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jacob Petersen**, *et al.*, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **Costco Wholesale Co., Inc.** a Washington corporation doing business in California, **Townsend Farms, Inc.**, an Oregon corporation doing business in California, **Fallon Trading Co., Inc.**, a Pennsylvania corporation doing business in California, and **United Juice Corp.**, a New Jersey corporation doing business in California, <br><br> Defendants. | CASE NO. 8:13-cv-01292 DOC (JCGx) <br><br> Assigned To: Hon. David O. Carter – Dept. 9D <br><br> **ORDER AND FINAL JUDGMENT [416]** |

WHEREAS, this matter came before the Court for hearing on September 23, 2019 (the "Final Approval Hearing"), on the application of Lead Plaintiff Jacob Petersen ("Lead Plaintiff") and Costco Wholesale Corp., Townsend Farms, Inc., and Fallon Trading Co. (collectively "the TFI Defendants"), to determine (i) whether the terms and conditions of the Agreement of

1

Settlement, dated as of January 23, 2019, (the "Settlement"), annexed hereto as Exhibit A, and the proposed settlement embodied therein are fair, reasonable, and adequate and should be approved by the Court; and (ii) whether a Judgment providing, among other things, for the dismissal with prejudice of the claims of the Settlement Class Members, against the TFI Defendants as provided for in the Settlement, should be entered; and

WHEREAS, the Court, in its Order dated January 17, 2019 (the "Preliminary Approval Order"), directed that the Notice Postcard and Class Action Notice Claim Form ("Notice Package"), will be mailed by first-class mail, postage pre-paid, to all potential Settlement Class Members at the address of each such potential Settlement Class Member as set forth in Costco's records, or who otherwise could be identified through reasonable effort, and that the Claims Administrator will establish a website where Claimants may submit a Proof of Claim Form online where each Claimant must swear under oath the Eligibility Requirements, are met; and that the Notice Package and Proof of Claim Form be posted to a website dedicated to the administration of the Settlement; and

WHEREAS, the provisions of the Preliminary Approval Order and the Court's Order dated January 17, 2019 as to notice were complied with; and

WHEREAS, the Notice Package advised Settlement Class Members of the date, time, place and purpose of the Final Approval Hearing, and further advised that any requests for exclusion from the Settlement Class were required to be made within 21 days of receiving the Notice Package, and no later than 30 days from its mailing date; and

WHEREAS, the Notice Package advised Settlement Class Members that any objections to the Settlement must be filed with the Court and served on counsel for all Settling Parties by the date set forth in the Preliminary Approval Order;

WHEREAS, on September 5, 2019, Lead Plaintiff, joined by Defendants, moved for final approval of the Settlement, as set forth in the Court's Order dated August 29, 2019;

WHEREAS, the Final Approval Hearing was duly held before this Court on September 23, 2019, at which time all interested persons were afforded the opportunity to be heard; and

WHEREAS, this Court has considered all matters submitted to it at the Final Approval Hearing and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. This Judgment hereby incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all Settling Class Members and the Claims Administrator.

3. The notice of the pendency of the proposed Settlement, including the Notice Package, was given to all Settlement Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Settlement Class of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure; the Constitution of the United States (including the due process clause); and all other applicable laws. Such notice constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of their right to seek to exclude themselves from the Settlement Class, of the Settlement and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are

Settlement Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Settlement Class Members who did not timely and properly elect to exclude themselves from the Settlement Class by written communication postmarked or otherwise delivered on or before the date set forth in the Court's Order dated January 17, 2019, and the Notice are bound by this Judgment. Those persons and entities who timely and properly requested to be excluded from the Settlement Class are set forth on Exhibit B annexed hereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, including Lead Plaintiff. This Court further finds that the Settlement is the result of arm's length negotiations between experienced counsel representing the interests of the Settling Parties and that it was negotiated with the assistance of an experienced mediator. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

6. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims of the Settlement Class Members.

7. The Claims of the Settlement Class Members are dismissed with prejudice. The Settling Parties are to bear their own costs, except for the payments expressly provided for in the Settlement Agreement.

8. Upon the Effective Date, Lead Plaintiff and each Settlement Class Member, on behalf of themselves, their heirs, beneficiaries, trustees, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, resolved, relinquished, waived, discharged and dismissed each and every one of the Released Claims against the Released Parties; (b) forever be

enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim or any matter related thereto.

9. Notwithstanding any of the releases above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement Agreement, the Preliminary Approval Order, or this Judgment.

10. The fact and terms of the Settlement Agreement, including the exhibits thereto, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement Agreement, and any act performed or document signed in connection with the Settlement Agreement:

    a. Shall not be offered or received against the Released Parties, Lead Plaintiff or the other Settlement Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the other Settlement Class Members with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

    b. Shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead

Plaintiff or any of the other Settlement Class Members as evidence of any infirmity in the claims of Lead Plaintiff and the other Settlement Class Members;

  c. Shall not be offered or received against the Released Parties, Lead Plaintiff or the other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, the Released Parties may refer to this Settlement Agreement to effectuate the protection from liability granted them hereunder;

  d. Shall not be construed against the Released Parties, TFI Defendants' Counsel, Lead Plaintiff's Counsel or Lead Plaintiff or the other Settlement Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

  e. Shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Settlement Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

11. No Settlement Class Member shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, or against any of the TFI Defendants, the Released Parties or the TFI Defendants' Counsel based on the investments, costs, expenses, administration, allocations, payments, and distributions that are made substantially in accordance with the Settlement, this Judgment or further order of the Court.

12. The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance,

disallowance or adjustment of any Settlement Class Member's Claim on equitable grounds and any award to Authorized Claimants; (c) enforcing and administering this Judgment, including the releases entered herein; (d) enforcing and administering the Settlement; and (e) any other matters related or ancillary to the foregoing.

13. In the event that the Effective Date of the Settlement does not occur or the Settlement Agreement is terminated pursuant to its terms, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and shall be vacated to the extent provided by the Settlement Agreement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement; and (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to October 10, 2018.

14. Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement Agreement.

15. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: September 26, 2019

_____
DAVID O. CARTER
U.S. District Judge